## COLLINS AND GILMER v. JAMES WALLING.

A service of citation, by leaving it in the hands of a free white person who is named, over fourteen years of age, residing at the last place of domicil of the defendant, he being absent, is a good service.

APPEAL from the District Court of Caddo, *Bullard,* J. *L. M. Nutt,* for plaintiff. *Roysdon* and *Spofford,* for defendant. The judgment of the court was pronounced by

Rost, J. This is an action upon a promissory note. The defendant having failed to appear, judgment was entered against him, by default, and after the legal delays and satisfactory evidence of the debt, it was made final. The defendant has appealed, and alleges in this court, that he had not been properly cited. The return of the sheriff is as follows: "Received, July 31st, 1850, and on the same day served a copy hereof, together with a copy of petition, on *James Walling,* at his last place of residence in the parish of Caddo, by handing them to a free white person, over the age of fourteen years, who was known to me by the name of *J. W. Gamble,* who was residing at the said last place of domicil of the said *James Walling,* in the town of Shreveport, parish of Caddo, the said *Walling* being absent at the time of service."

This return does not show that the defendant had left the parish permanently, but merely states, that he was absent at the time of the service; he may have been temporarily absent, and as he was present when judgment was rendered against him, the presumption is, that such was the fact.

In the case of *Whiting* v. *Haggerty,* we held, that the omission to state in the return, that the service had been made at the usual place of domicil or resi-

dence of the defendant was not fatal, and that a return, stating, that it had been made at the usual place of abode of the defendant, satisfied the requisition of the code. A service at the last place of residence of the defendant, during his temporary absence, satisfies them equally well. It is proper that sheriffs should, on all occasions, follow the words of the Code of Practice in their returns; but whenever the returns made, comply substantially with the law, the refusal to give them effect, on purely technical grounds, would amount to a denial of justice.

The defendant has no defence whatever on the merits.

The judgment is therefore affirmed, with costs.